BENJAMIN TRIPP, City Treasurer, *vs.* PETER DUFFY & others.

Decision in *Ellis, Administrator*, v. *Appleby et al.* 4 R. I. 462, reaffirmed, that errors of form in pleading may be amended without imposing costs, as provided by chap. 184, §§ 4 & 5, of the Revised Statutes.

ACTION OF DEBT on a bond given by the defendant, Peter Duffy, and his sureties. The bond was in the same form as that in the case of *Tripp, City Treasurer*, v. *Norton*, reported at page 125 of this volume of reports. The defendants craved oyer of the bond and of the conditions thereof, and thereupon pleaded *actio non*, because they had well and faithfully kept and performed said conditions, and had not violated any of the provisions of the laws of Rhode Island, according to the form and effect of said conditions. The plaintiff replied *precludi non*, because defendant had broken said conditions and the laws of Rhode Island, in this, " that the said Peter Duffy did, on the, to wit, 12th day of April, A. D. 1871, and on divers other days between said day and the date of the plaintiff's writ, sell and suffer to be sold

spirituous and intoxicating liquors at the place and building situated at No. 315 Eddy Street, in said Providence, to minors under the age of twenty-one years, contrary to the conditions of said writing obligatory, and the laws of the State of Rhode Island."

To this replication the defendants demurred specially, alleging as a ground of demurrer that the assignment of a breach of said bond was too vague and uncertain. Joinder by plaintiff.

*Hart*, for defendant, in support of the demurrer, cited 1 Chitty's Pl. 585 ; Com. Dig. Pleader, F, 14, 15 ; *Hayman* v. *Gerrard*, 1 Saund. 103 ; *Cornwallis* v. *Savery*, 2 Burr. 774 ; *Farrow* v. *Chevalier*, 1 Salk. 140 ; *Cheshire Bank* v. *Robinson*, 2 N. H. 126 ; *Van Antwerp* v. *Stewart*, 8 Johns. 125 ; *Boles* v. *McCarty*, 6 Blackf. 427.

*Parkhurst*, for plaintiff, *contra*.

BRAYTON, C. J. The defendants have demurred to this assignment of a breach of this bond, and have set down for cause of demurrer that the assignment is too vague and uncertain. They have demurred specially, for the reason assigned is one which a general demurrer will not reach. It is not for matter of substance for which cause of demurrer need not be set down.

That by reason whereof the right does not appear, is substance, but that without which the right does sufficiently appear, is form.

By the pleadings it appears that the defendant has, since his license was granted and since making the bond, sold intoxicating liquors to minors, while the act declares that no license granted under its provisions shall authorize any person to sell such liquors to minors.

The very right of the cause, therefore, plainly appears from this pleading, and wherever this appears to the court, the statute, Rev. Stat. chap. 184, § 4, requires that they shall proceed and give judgment as the right of the cause and matter in law shall appear unto them, without regarding any imperfection, defect, or want of form. But sec. 5 of the same chapter provides that they shall and may amend all and every such imperfection, defect, and want of form.

It is like the case of *Ellis, Administrator,* v. *Appleby & another*, 4 R. I. 462, where the court allowed the imperfection to be amended without terms.

*Leave granted plaintiff to amend his replication.*